**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ameriprise Financial Services LLC, | No. CV-25-00455-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Jared Bryce Roskelley, et al., | |
| Defendants. | |

Pending before the Court is Defendants Jared Roskelley, Matthew Tinyo, and Kyle Robertson (the "Individual Defendants") Application for Attorneys' Fees (Doc. 37). Plaintiff Ameriprise Financial Services LLC has filed a response brief (Doc. 38) and the Individual Defendants have filed their reply brief (Doc. 39). Having reviewed the parties' briefs and the applicable law, the Court will deny the Individual Defendants' Application for Attorneys' Fees.

**I.   BACKGROUND**

This case arises out of the Individual Defendants transition from employment with Ameriprise to its competitor, Defendant LPL Financial Services. (*See* Doc. 34 (setting forth the background of this case); Doc. 1 (Complaint).) Ameriprise sought a temporary restraining order and preliminary injunction against the Individual Defendants and LPL stemming from their alleged solicitation of Ameriprise clients and retention and use of its information. (*See generally* Doc. 1; Doc. 2; Doc. 3.) There, Ameriprise premised its entitlement to relief on contract claims for alleged breaches of restrictive covenants in the

1  Individuals Defendants' employment agreements and other tort-based claims. (*See*
2  *generally* Doc. 1.)
3        Under the Financial Industry Regulatory Authority ("FINRA") rules, the parties
4  submitted their case to arbitration to determine whether a permanent injunction should
5  issue. Prior to that decision, Ameriprise proceeded under FINRA Rule 13804 to request a
6  temporary restraining order from this Court during the interim. (Doc. 2; Doc. 3.) Whether
7  the Court should issue that relief was the sole focus of the parties' dispute. In denying
8  Ameriprise's request, the Court generally found that it failed to tailor arguments to
9  particular claims and further failed to tie those claims to relevant evidence for particular
10 defendants. (*See generally* Doc. 34.) With arbitration set to resolve the parties' remaining
11 disputes, the case was terminated. (*Id.*) The Individual Defendants proceeded to file their
12 Application for Attorneys' Fees under Arizona Revised Statute § 12-341.01, which
13 generally permits an award of fees where a party is successful in any contested action
14 arising out of contract, i.e., their employment agreements. Ariz. Rev. Stat. § 12-341.01(A).

## II.  ATTORNEYS' FEE AWARD

      In federal cases where the controlling substantive law is state law, such as diversity cases, attorneys' fees may be awarded under state law. *Rindlisbacher v. Steinway & Sons Inc. (Rindlisbacher I)*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *2 (D. Ariz. May 26, 2021), *aff'd sub nom. Rindlisbacher v. Steinway, Inc. (Rindlisbacher II)*, No. 20-17331, 2021 WL 6067258 (9th Cir. Dec. 20, 2021). The parties seeking an award of attorneys' fees must show they are (1) eligible for an award, (2) entitled to an award, and (3) that the amount sought is reasonable. LRCiv 54.2(c). The parties first dispute what state's law applies. (Doc. 38 at 3–4; Doc. 39 at 2–3.)

      The Individual Defendants' employment agreements provide: "The provisions of this agreement shall be governed by and construed in accordance with the laws of the state of Minnesota, without reference to the principles of choice of law thereof." (*See, e.g.*, Doc. 1-5 at 5.) Ameriprise contends that this provision precludes an award of attorneys' fees under Arizona Revised Statute § 12-341.01, the Individual Defendants did not move under

any other authority, and Minnesota law does not permit similar awards. (Doc. 38 at 3–4.) The Individual Defendants argue that Ameriprise should be judicially estopped from altering its position regarding what law governs the parties' dispute. (Doc. 39 at 2–3.)

The Court begins with whether judicial estoppel is warranted. Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The doctrine prevents a party from "playing fast and loose with the courts by asserting inconsistent positions." *United States v. Kim*, 806 F.3d 1161, 1167 (9th Cir. 2015) (citation modified). In determining whether judicial estoppel is warranted, courts evaluate three factors:

> (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party succeeded in its prior position, because absent success in a prior proceeding, a party's later inconsistent position introduces no risk of inconsistent court determinations; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* (citation modified). These factors are not an exhaustive formula that precludes additional considerations, rather they merely inform the determination. *New Hampshire v. Maine*, 532 U.S. 742, 751 (2001).

Here, although Ameriprise cited Arizona cases addressing enforceability of non-solicitation agreements and restrictive covenants, it never specifically argued that Arizona law, rather than Minnesota law, applied. (*See generally* Doc. 3; Doc. 22; Doc. 24.) Nor did the Court make an explicit finding that Arizona law applied. (*See generally* Doc. 34.) The Individual Defendants, however, posit that this issue was a point of contention between the parties. (Doc. 39 at 2–3.) Not so. First, the Individual Defendants never argued that Minnesota law should apply and cited Arizona law in their response brief opposing issuance of a temporary restraining order. (*See generally* Doc. 21.) LPL, not the Individual Defendants, noted that the employee agreements are governed by Minnesota law, alluded to the potential application of the wrong state's law, and in a footnote, reserved the right to argue Minnesota law should apply. (*See* Doc. 19 at 18–19 & n.17.) Second,

as the Court noted previously, LPL is not a party to the employment agreements and Ameriprise asserted claims sounding in tort against LPL. (*See* Doc. 34 at 5–7.) Finally, neither the Individual Defendants nor Ameriprise ever addressed the applicability of the choice of law provision in briefing the temporary restraining order matter. (*See* Doc. 21; Doc. 22; Doc. 24.)

Even if the Court assumes LPL's lack of conviction in raising the issue and Ameriprise relying on Arizona cases without taking a direct stance on what law applies justifies the Court finding that Ameriprise's position is now "clearly" inconsistent with its prior position, Ameriprise did not benefit from that position. The Court denied the request for a temporary restraining order. Therefore, the second factor does not weigh in favor of estoppel. Additionally, as it relates to the third factor, there is no unfair detriment. Had Ameriprise argued under Minnesota law—which the Individual Defendants argue it would have fared no better, (*see* Doc. 39 at 2 n.1)—there is no dispute that Arizona Revised Statute § 12-341.01 would not have applied given the choice of law provision in the employment agreements pointing to Minnesota law. In other words, had Ameriprise proceeded under Minnesota law and the Court's ultimate conclusion remained the same, or even if the Court granted the temporary restraining order, the Individual Defendants would have had no avenue to an award of attorneys' fees under § 12-341.01. This is to say, while the Individual Defendants may suffer a detriment in paying for their own attorneys' fees, the Court cannot conclude that any inconsistent position Ameriprise took imposed an *unfair* detriment based on fees for which the Individual Defendants were not otherwise entitled. *See, e.g.*, *Spirit Master Funding IV LLC v. Martinsville Corral Inc.*, No. CV-14-00720-PHX-GMS, 2016 WL 4877622, at *4 (D. Ariz. Sept. 15, 2016). Thus, in consideration of these factors, the Court finds that judicially estopping Ameriprise from asserting Minnesota law should control is not warranted under the circumstances of this case.

Under Minnesota law, recovery of attorneys' fees must be based on either statute or contract. *Kvidera v. Rotation Eng'g & Mrg. Co.*, 705 N.W.2d 416, 424 (Minn. Ct. App.

2005). Arizona follows a similar rule, however, in contrast, it permits an award to a "successful party" in a contested action "arising out of contract." Ariz. Rev. Stat. § 12-341.01(A). The Court is not aware of, nor have the parties pointed to, a similar statute under Minnesota law. Therefore, the Individual Defendant's ability to recover depends on what law applies.

Where there is a conflict of law in diversity cases, as is the case here, district courts must apply the choice-of-law rules of the state in which it sits. *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th Cir. 2000). This Court sits in Arizona, and therefore Arizona's choice-of-law rules apply. "In a contract action, Arizona follows the Restatement (Second) of Conflict of Laws ('Restatement')." *Spirit Master Funding*, 2016 WL 4877622, at *2 (citing *Swanson v. Image Bank, Inc.*, 77 P.3d 439, 441 (Ariz. 2003)). Because the employment agreements include a choice of law provision, § 187 of the Restatement provides the test for whether the provision is valid and effective. *See id.* (citation omitted). Under that test, if the "particular issue," i.e., attorneys' fees, "is one which the parties could have resolved by an explicit provision in their agreement directed to that issue," then the provision is valid and effective. *See id.* (citation omitted). The Court finds no basis to conclude the parties could not have explicitly contracted to address this situation. *See id.* at *3 (noting Ariz. Rev. Stat. § 12-341.01(A) permits contractual provisions that modify the default rule). Therefore, the Court finds the choice of law provision is valid and effective and calls for the application of Minnesota law. Given this finding, the Court need not reach the remainder of the § 187 test to evaluate whether applying Minnesota law would violate a fundamental policy of Arizona. *See Swanson*, 77 P.3d at 443–44.

As noted, the Individual Defendants only move under Arizona Revised Statute § 12-341.01(A) and have not pointed the Court to any Minnesota law or language in their employment agreements permitting their recovery of attorneys' fees. This Court has declined to apply § 12-341.01 to award attorneys' fees where another state's law governed the parties' agreement. *See, e.g.*, *Frontier Airlines Inc. v. Menzies Aviation (USA) Inc.*, No. CV-20-01432-PHX-ESW, 2022 WL 103526, at *4 (D. Ariz. Jan. 11, 2022); *Aspect*

*Sys., Inc. v. Lam Rsch. Corp.*, No. CV 06-1620-PHX-NVW, 2009 WL 1390837, at *12 (D. Ariz. May 15, 2009), *aff'd in part*, 404 F. App'x 136 (9th Cir. 2010); *see also Rindlisbacher I*, 2021 WL 2434207, at *5 (finding that the choice of law provision in a contract did not preclude an award of attorneys' fees under § 12-341.01 where only tort claims that arose from a business relationship remained at issue and noting "[i]f the requested fee award instead arose from the [plaintiff's] breach of contract claim, to which the choice-of-law provision applies, the Court's conclusion might be different").

To further dispel any potential application of § 12-341.01, the Court is cognizant that a contract governed by non-Arizona law does not necessarily preclude applying the statute. *See, e.g.*, *Rindlisbacher v. Steinway & Sons Inc. (Rindlisbacher III)*, No. CV-18-01131-PHX-MTL, 2021 WL 2334407, at *2 (D. Ariz. June 8, 2021) (citing *ZB, N.A. v. Hoeller*, 395 P.3d 704, 709 (Ariz. Ct. App. 2017) (finding a unilateral fees provision governed by non-Arizona law did not preclude an award under § 12-341.01 for the party that was not covered by that provision)). But the Arizona Supreme Court has explained that § 12-341.01 "is inapplicable by its terms if it effectively conflicts with an express contractual provision governing recovery of attorney's fees." *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 604 (Ariz. 2017). Additionally, "rather than being completely supplanted by any attorney fee provision in the parties' contract, the statute—consistent with its plain language—applies to 'any contested action arising out of contract' to the extent it does not conflict with the contract." *Id.* (quoting § 12-341.01). Permitting an award here would effectively conflict with and rewrite their employment agreements to allow attorneys' fees that are not permitted under Minnesota law. Therefore, the Individual Defendants have not established that § 12-341.01 applies, and thus the Court will deny their request for attorneys' fees.

…

…

…

…

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** the Individual Defendants' Application for Attorneys' Fees (Doc. 37).

Dated this 13th day of August, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge